# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMIKA DALE; CINDY GUTIERREZ,<br><br>　　　　　Plaintiffs,<br>　vs.<br>U.S. DEPARTMENT OF EDUCATION,<br><br>　　　　　Defendant. | CASE NO. 15cv0771-WQH-DHB<br><br>ORDER |

HAYES, Judge:

　　The matter before the Court is the motion to proceed in forma pauperis ("IFP") (ECF No. 7) filed by Plaintiffs Tamika Dale and Cindy Gutierrez.

　　On April 8, 2015, Plaintiffs Tamika Dale and Cindy Gutierrez commenced this action by filing a Complaint against Defendant U.S. Department of Education (ECF No. 1), a motion to proceed IFP (ECF No. 2), and the motion to appoint counsel (ECF No. 3). On April 21, 2015, the Court issued an Order, finding that "the motion to proceed IFP ... is not sufficient to demonstrate that Plaintiffs Tamika Dale and Cindy Gutierrez cannot afford to pay the filing fee." (ECF No. 4 at 2). The Court found that the affidavit "bears only one signature" and "fails to specify all of the sources and amounts of income received by Plaintiffs." *Id.*

　　On April 30, Plaintiffs filed a second motion to proceed IFP. (ECF No. 5). On May 7, 2015, the Court issued an Order denying the second motion to proceed IFP. (ECF No. 7).

The Court found that Plaintiffs failed to provide all sources of income received by both Plaintiffs. The Court further found that the second motion to proceed IFP contained inconsistencies with the first motion to proceed IFP without any explanation for those inconsistencies.

On May 18, 2015, Plaintiffs filed a third motion to proceed IFP. (ECF No. 7).

**I. Motion to Proceed IFP (ECF No. 2)**

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); S.D. Cal. Civ. L.R. 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In their accompanying affidavit, signed by both Plaintiffs, Plaintiffs state that neither Plaintiff has been employed since January 2015. Plaintiffs state that Plaintiff Dale receives $430 per month in unemployment benefits and $194 in "welfare food assistance." (ECF No. 7 at 2). Plaintiffs state that Plaintiff Gutierrez receives $400 per month in unemployment benefits and $194 in CalFresh food assistance. Plaintiffs state that they do not have any checking or savings accounts or own an automobile, securities, or other valuable property. After considering Plaintiffs' motion and the accompanying affidavit, the Court concludes that Plaintiffs are entitled to proceed IFP. Accordingly, Plaintiffs' motion to proceed IFP is granted.

**II. Initial Screening of the Complaint**

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000)

1  (en banc).

2  Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a
3  claim for relief must contain ... a short and plain statement of the claim showing that the
4  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal "is proper if there is a
5  'lack of a cognizable legal theory or the absence of sufficient facts alleged under a
6  cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th
7  Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
8  1990)).

9  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
10 requires more than labels and conclusions, and a formulaic recitation of the elements
11 of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)
12 (quoting Fed. R. Civ. P. 8(a)). "[A] complaint must contain sufficient factual matter,
13 accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.
14 Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has
15 facial plausibility when the plaintiff pleads factual content that allows the court to draw
16 the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.
17 (citation omitted). "[T]he tenet that a court must accept as true all of the allegations
18 contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the
19 elements of a cause of action, supported by mere conclusory statements, do not suffice."
20 *Id*. (citation omitted). "When there are well-pleaded factual allegations, a court should
21 assume their veracity and then determine whether they plausibly give rise to an
22 entitlement to relief." *Id*. at 679. "[T]he non-conclusory factual content, and reasonable
23 inferences from that content, must be plausibly suggestive of a claim entitling the
24 plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)
25 (quotations and citation omitted).

26 Plaintiffs assert two claims for relief: (1) violation of 18 U.S.C. section 241; and
27 (2) violation of 18 U.S.C. section 245. 18 U.S.C. section 241 is a "criminal provision[]"
28 that "provide[s] no basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th

Cir. 1980). Likewise, "18 U.S.C. § 245 is a criminal statute and does not grant the plaintiff a private right of action." *Cooley v. Keisling*, 45 F. Supp. 2d 818, 820 (D. Or. 1999). Plaintiffs have failed to assert a cognizable legal theory. *Salazar*, 646 F.3d at 1242. In addition, Plaintiffs have failed to properly name each defendant, or allege sufficient facts demonstrating each defendant's individual wrongdoing. The Complaint is dismissed without prejudice.

**III. Conclusion**

IT IS HEREBY ORDERED that the motion to proceed IFP (ECF No. 7) is GRANTED. The Complaint is DISMISSED without prejudice. The Clerk of the Court shall close the case.

No later than **thirty (30) days** from the date of this Order, Plaintiffs may file an amended complaint, which shall be titled "First Amended Complaint," and which shall comply with the Federal Rules of Civil Procedure. If Plaintiffs do not file a first amended complaint within thirty days, this case shall remain closed without further order of the Court.

DATED: May 26, 2015

**WILLIAM Q. HAYES**
United States District Judge